Jane DOE, Plaintiff,

v.

Tupac A. SHAKUR and Charles
L. Fuller, Defendants.

No. 95 Civ. 1253 (DC).

United States District Court,
S.D. New York.

Jan. 22, 1996.

DeCaro & Kaplan, Michael V. Kaplan, New York City, for plaintiff.

Dershowitz & Eiger, P.C., Tupac A. Shakur, Nathan Dirshowitz, New York City, for defendants.

## MEMORANDUM DECISION and ORDER

CHIN, District Judge.

This diversity action raises the difficult question of whether the victim of a sexual assault may prosecute a civil suit for damages under a pseudonym. Plaintiff has brought this action charging that defendants Tupac A. Shakur and Charles L. Fuller sexually assaulted her on November 18, 1993. On December 1, 1994, a jury trial in Supreme Court, New York County, found Shakur and Fuller guilty of sexual abuse and not guilty of sodomy, attempted sodomy and weapons violations. They were sentenced on February 7, 1995 and an appeal is pending.

This civil suit was filed approximately two weeks after Shakur and Fuller were sentenced. The complaint seeks $10 million in compensatory damages and $50 million in punitive damages. Before filing her complaint, plaintiff obtained an order *ex parte* from Judge Sprizzo, sitting as Part I judge, sealing the complaint and permitting plaintiff to file a substitute complaint using a pseudonym in place of her real name. Neither defendant filed a timely answer and thus the Clerk of the Court entered a default.

Shakur has moved to vacate the entry of default. In his motion papers, which have not yet been filed with the Clerk of the Court but which have been served on plaintiff, Shakur identifies plaintiff by her real name. Shakur justifies his use of plaintiff's name by noting that Judge Sprizzo's order allowing plaintiff to file her complaint using a pseudonym was signed after an *ex parte* appearance and merely sealed the complaint. That order did not provide that this entire proceeding was to be conducted under seal. In response, plaintiff claims that Judge Sprizzo's order requires all papers filed with the Court to use plaintiff's pseudonym. In the alternative, plaintiff requests that I issue such an order now.

As a threshold matter, it is plain from the face of Judge Sprizzo's order that he did not decide the issue now before me. Judge Sprizzo's order merely allowed plaintiff to file the *complaint* under seal. Judge Sprizzo did not order that all documents filed in this case be sealed. Nor did Judge Sprizzo hold that plaintiff could prosecute the entire lawsuit under a pseudonym. Nor do I believe that Judge Sprizzo, sitting as Part I judge on the basis of an *ex parte* application, intended to foreclose defendants from being heard on the issue.

Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint shall state the names of all the parties. The intention of this rule is to apprise parties of who their opponents are and to protect the public's legitimate interest in knowing the facts at issue in court proceedings. *Free Market Compensation v. Commodity Exchange, Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y. 1983); *see also Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y.1988); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974). Nevertheless, in some circumstances a party may commence a suit using a fictitious name.

It is within a court's discretion to allow a plaintiff to proceed anonymously. *Doe v. Bell Atlantic Business Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D.Mass.1995); *J.R. v. Farmington Bd. of Ed.*, Civ. No. 3:95CV00409, 1995 WL 820124, 1995 U.S.Dist. Lexis 5340, at *1–2 (D.Conn. Mar. 20, 1995); *Doe v. University of Rhode Island*, Civ.A. No. 93–0560B, 1993 WL 667341, at *2 (D.R.I. Dec. 28, 1993). In exercising its discretion, a court should consider certain factors in determining whether plaintiffs may

proceed anonymously. These factors include (1) whether the plaintiff is challenging governmental activity;[1] (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced. *See James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); *Bell Atlantic,* 162 F.R.D. at 420; *Rowe v. Burton,* 884 F.Supp. 1372, 1386 (D.Alaska 1994); *University of Rhode Island,* 1993 WL 667341, at *2.

■ In considering these and other factors, a court must engage in a balancing process. As the Eleventh Circuit has held,

> The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name.

*Frank,* 951 F.2d at 323 (*citing Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981)).

■ The present case is a difficult one. If the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault. Quite understandably, she does not want to be publicly identified and she has very legitimate privacy concerns. On balance, however, these concerns are outweighed by the following considerations.

First, plaintiff has chosen to bring this lawsuit. She has made serious charges and has put her credibility in issue. Fairness requires that she be prepared to stand behind her charges publicly. *See Bell Atlantic,* 162 F.R.D. at 422.

Second, this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. This is not a criminal case where rape shield laws might provide some anonymity to encourage victims to testify to vindicate the public's interest in enforcement of our laws. *See id.* (rape shield laws "apply to situations where the government chooses to prosecute a case, and offer[ ] anonymity to a victim who does not have a choice in or control over the prosecution"). Indeed, the public's interest in bringing defendants to justice for breaking the law—assuming that they did—is being vindicated in the criminal proceedings.

Third, Shakur has been publicly accused. If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity. *See Southern Methodist Univ. Ass'n of Women Law Students,* 599 F.2d at 713 (Because "the mere filing of a civil action against ... private parties may cause damage to their good names and reputation," "[b]asic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names."); *Doe v. Hallock,* 119 F.R.D. 640, 644 (S.D.Miss.1987) ("[B]y filing her complaint, the plaintiff has levelled serious charges against the defendants, and has specifically identified them in the complaint.").

Finally, the public has a right of access to the courts. Indeed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974); *accord Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D.Cal.1981); *see also United States v. Amodeo,* 71 F.3d 1044, 1047–49 (2d Cir.1995) (discussing the "presumption of access" in the context of the sealing of documents filed in court).

Other courts faced with a request by a victim of a sexual assault seeking to prosecute a civil case under a pseudonym have also concluded that the plaintiff was not entitled to do so. *See, e.g., Bell Atlantic,* 162

---

1. Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979).

F.R.D. at 422 (in sexual harassment case against employer and supervisor, plaintiff who was concerned that she might have been infected with the HIV virus as result of an alleged sexual assault by her supervisor was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); *University of Rhode Island,* 1993 WL 667341, at *3 (student who was sexually assaulted allegedly as result of university's negligence not permitted to proceed under pseudonym, despite claims of danger of personal embarrassment and ridicule). *See also Hallock,* 119 F.R.D. at 641–42 (in Title VII action, plaintiff who alleged sexual harassment and also asserted state law claims of assault and battery was not permitted to proceed under a pseudonym).

■ Plaintiff argues that Shakur's notoriety will likely cause this case to attract significant media attention, and she contends that disclosure of her name will cause her to be "publicly humiliated and embarrassed." Such claims of public humiliation and embarrassment, however, are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously, as the cases cited above demonstrate. Moreover, plaintiff has conceded that the press has known her name for some time. Indeed, plaintiff makes it clear that the press has been aware of both her residence and her place of employment. Hence, her identity is not unknown.

■ Plaintiff's allegation that she has been subjected to death threats would provide a legitimate basis for allowing her to proceed anonymously. Plaintiff has not, however, provided any details, nor has she explained how or why the use of her real name in court papers would lead to harm, since those who presumably would have any animosity toward her already know her true identity. *See Hallock,* 119 F.R.D. at 644 ("the source of any harassment apparently is already aware of plaintiff's identity, and there is little reason to believe that disclosure of her identity in this lawsuit would serve to increase the number of such incidents"). Thus, plaintiff simply has not shown that she is entitled to proceed under a pseudonym in this action.

It may be, as plaintiff suggests, that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym. That would be an unfortunate result. For the reasons discussed above, however, plaintiff and others like her must seek vindication of their rights publicly.

Accordingly, plaintiff's objection to defendants' filing of papers disclosing her name is overruled. Defendants may file papers that identify plaintiff. So that plaintiff may have an opportunity to review her options, however, the return date for Shakur's motion to vacate the entry of default is adjourned until February 2, 1996 and any papers filed with the Court before then shall refer to plaintiff only as "Jane Doe."

SO ORDERED.