Michael BARTH, Plaintiff,

v.

Chief Judge Judith S. KAYE, and Associate Judges Joseph Bellacosa, Carmen Beauchamp Ciparick, Howard A. Levine, Richard Simons, George Bundi Smith, and Vito J. Titone individually and in their official capacity as Judges of the Court of Appeals of the State of New York, New York Board of Law Examiners and its members individually and in their official capacity, New York Rules for Admission to the Bar 22 NYCRR 520 et seq., Rules of the New York State Board of Law Examiners § 6000 et seq.; Chief Justice Wilentz, Justices Clifford, Handler, Pollock, O'Hern, Garibaldi, Stein, individually and in their official capacity as Judges of the Supreme Court of the State of New Jersey, New Jersey Rules for Admission to the Bar NJR 1:21 et seq.; Deborah T. Poritz, individually and in her official capacity as former Attorney General of the State of New Jersey; New Jersey Court Rule 4:30A; New Jersey Court Rule 2:15–20; Seton Hall University School of Law, a Corporation of the State of New Jersey, the Board of Regents of Seton Hall University, the Trustees of Seton Hall University, the Trustees of Seton Hall University School of Law, Dean Ronald R. Riccio, Professor Carol R. Goforth, Professor D. Michael Risinger, Michael Zimmer, individually and in their official capacities; the American Bar Association, Defendants.

No. 97–CV–1064.

United States District Court, N.D. New York.

Feb. 24, 1998.

Michael Barth, Liberty Corner, NJ, Pro se.

Dennis C. Vacco, Attorney General of New York, Albany, NY (Darren O'Connor, Asst. Atty. General, of counsel), for NY Defendants.

Peter Verniero, Attorney General of New Jersey, Trenton, NJ (Don E. Catinello, Deputy Att'y General, of counsel), for NJ Defendants.

Sidley & Austin, New York City (James D. Arden, of counsel), for American Bar Association.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

The instant civil rights Complaint contains twenty-eight causes of action alleging violations of Plaintiff's constitutional rights to interstate travel, due process, and equal protection, as well as RICO violations, conspiracy, injury to reputation, breach of contract, malicious prosecution, intentional infliction of emotional distress, negligence, and antitrust violations. Plaintiff seeks damages "in an amount not less than seven billion dollars."

### A. Procedural Background

As this Court stated in a prior decision in this action, "[t]his bizarre civil rights case has a long a convoluted history." December 12, 1997 Memorandum–Decision & Order at 2. In light of Plaintiff's propensity for litigating and relitigating these issues, the present decision will undoubtedly only add another chapter to the story.

Plaintiff, a graduate of Seton Hall University School of Law ("Seton Hall"), penned the first chapter of this tale in August 1993, by suing Michael Zimmer, Associate Dean of Seton Hall, for defamation. On June 30, 1994, the Superior Court of New Jersey granted Zimmer summary judgment. Plaintiff appealed that judgment, which was affirmed. *See Barth v. Zimmer*, No. A–6632–93T2 (N.J.Super.Ct.App.Div. March 24, 1995).

Chapter two was penned in 1994, when Plaintiff filed a twenty-five count complaint in the Southern District of New York against many of the same defendants named here. On October 19, 1995, Judge Keenan dismissed the action before him as against Judges Kaye, Bellacosa, Ciparick, Levine, Simons, Smith, and Titone for improper venue. *See Anonymous v. Kaye*, 1994 WL 389157, at *1 (S.D.N.Y.1994). Judge Keenan also dismissed Plaintiff's complaint against Justices Wilentz, Clifford, Handler, Pollock, O'Hern, Garibaldi, and Stein of the New Jersey Supreme Court for lack of personal jurisdiction and against Seton Hall and Dean Ronald R. Riccio on *res judicata* grounds. *Id.* Plaintiff appealed the judgment, which was affirmed via summary order. *Anonymous v. Kaye*, 104 F.3d 355 (2d Cir.1996), *cert. denied*, —— U.S. ——, 118 S.Ct. 692, 139 L.Ed.2d 637 (1998).

Chapter three began on January 29, 1996, when Plaintiff filed a twenty-five count complaint (essentially the same complaint filed

here and in the Southern District) in the District of New Jersey. On September 4, 1996, Chief Judge Thompson dismissed Plaintiff's complaint on the merits, finding, *inter alia,* that *Rooker–Feldman* and New Jersey's Entire Controversy doctrine prevented the re-litigation of Plaintiff's claims. *See Anonymous v.. Wilentz,* No. 96–452 (D.N.J. Sept. 11, 1996). Plaintiff's appeal to the Third Circuit was dismissed on jurisdictional grounds. *See Anonymous v. Wilentz,* No. 96–5403 (3d Cir. May 5, 1997).

Chapter four sees this Court's introduction into the story. On July 25, 1997, Plaintiff filed the instant twenty-eight count Complaint. The Court previously dismissed Plaintiff's Complaint on the merits as to Chief Judge Kaye, Associate Judges Bellacosa, Ciparick, Levine, Simons, Smith, and Titone, the New York Board of Law Examiners, the members of the New York Board of Law Examiners, the New York Rules for Admission to the Bar 22 N.Y.C.R.R. 520 *et seq.,* and the Rules of the New York State Board of Law Examiners § 6000 *et seq. See* December 12, 1997 Memorandum–Decision & Order at 13.

Presently before the Court are motions to dismiss brought by the American Bar Association and former New Jersey Attorney General Deborah Poritz, as well as Plaintiff's cross motion seeking the Court's recusal, denial of attorney Catinello's *Pro Hac Vice* motion, default, a *Subpoena Duces Tecum,* a stay pending appeal, and reconsideration of the Court's prior decision dismissing the New York State Defendants.

### B. Factual Background

Plaintiff is a New Jersey resident who has sought to take the New York State Bar Exam. The New York State Board of Law Examiners denied Plaintiff's application to take the New York Bar Exam because Plaintiff's law school refused to forward a "Law School Certificate of Attendance" and a certification of the applicant's handwriting, which are required to take the exam. Seton Hall allegedly refused to provide the necessary certifications because Plaintiff failed to satisfy the residency requirements of the school for graduation.

Plaintiff was a night student at Seton Hall. In the summer of 1992, a Seton Hall Professor determined that Plaintiff had plagiarized on a take-home final exam. The Professor reported the plagiarism to Associate Dean Michael J. Zimmer. Zimmer met with Plaintiff and determined that Plaintiff would receive a failing grade in the class and be suspended from the law school for one year. Plaintiff appealed to the law school's Probation and Grievance Committee, which upheld the determination that Plaintiff had plagiarized but recommended that the suspension be re-examined. Dean Riccio decided not to implement the suspension.

In August of 1993, Plaintiff sued Zimmer for defamation in the Superior Court of New Jersey, alleging that Zimmer's letter to Plaintiff, stating the findings of plagiarism, was defamatory. Plaintiff's lawsuit was based on the premise that Plaintiff should not have been disciplined for plagiarism. Plaintiff did not sue Dean Riccio or Seton Hall at that time. The Superior Court granted Zimmer summary judgment on his claims, which was affirmed. *See Barth v. Zimmer,* No. A–6632–93T2 (N.J.Super.Ct.App.Div. March 24, 1995).

In 1994, Plaintiff again brought suit, this time in the Southern District of New York. On July 25, 1994, Judge Keenan denied Plaintiff's motion for injunctive relief, which would have allowed him to take the July 1994 New York Bar exam. *See Anonymous v. Kaye,* 1994 WL 389157, at *1. Judge Keenan subsequently dismissed Plaintiff's case in its entirety. *Anonymous v. Kaye,* 1995 WL 617795, at *6. In affirming the dismissal, the Second Circuit stated:

> The claims that appellant asserted against Seton Hall in the district court action arise out of appellant's plagiarism and subsequent disciplinary proceedings. Under the entire controversy doctrine, therefore, appellant should have included those claims in the lawsuit instituted in New Jersey Superior Court. Because appellant failed to include Seton Hall in that lawsuit, the district court is barred from hearing those claims.

*Anonymous v. Kaye,* 104 F.3d 355, 1996 WL 734074, at \*2 (2d Cir.1996) (citations omitted).

Not content to fight his battle on only one front, Plaintiff filed, while his appeal to the Second Circuit was pending, a lengthy complaint in New Jersey federal court. In her decision, Chief Judge Anne Thompson of the District of New Jersey observed that "Plaintiff's amended complaint [filed in the Southern District of New York] contained twenty-five counts, substantially identical to the counts in the present action." *Anonymous v. Wilentz,* No. 96–452, slip at 4 (D.N.J. Sept. 11, 1996).

Judge Thompson dismissed Plaintiff's complaint in its entirety, noting that

> plaintiff essentially seeks to have this Court review decisions by the New Jersey state courts which upheld the disciplinary action imposed by Seton Hall Law School against plaintiff. It was solely as a result of this imposition of discipline that plaintiff was unable to take the New Jersey and New York bar exams. The Superior Court of New Jersey determined that plaintiff's rights had not been violated by Seton Hall's action, and this determination was affirmed on appeal. For this Court to exercise subject matter jurisdiction over the present controversy would necessitate a review of the state court decisions, which would be improper under the *Rooker–Feldman* doctrine.

*Id.* at 9.

In summary, Plaintiff—proceeding under the cloak of anonymity—has litigated essentially identical claims in at least seven courts: the Superior Court of New Jersey, New Jersey Appellate Division, New Jersey Supreme Court, Southern District of New York, District of New Jersey, Second Circuit Court of Appeals, Third Circuit Court of Appeals, and the United States Supreme Court. After allocating significant judicial resources to resolving this matter and after extensive expense on the part of his adversaries, every one of Plaintiff's prior claims have been dismissed.

## II. DISCUSSION

■ As an initial matter, the Court notes that Plaintiff has brought this *pro se* action under the pseudonym "Anonymous" without requesting leave from the Court to do so. Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint shall state the names of all the parties. Fed. R.Civ.P. 10(a). If a party wishes to proceed under a fictitious name he must request the right to do so. *See, e.g., Doe v. Shakur,* 164 F.R.D. 359, 360 (S.D.N.Y.1996). "The intention of this rule is to apprise parties of who their opponents are and to protect the public's legitimate interest in knowing the facts at issue in court proceedings." *Shakur,* 164 F.R.D. at 360 (citing *Free Market Compensation v. Commodity Exchange, Inc.,* 98 F.R.D. 311, 312 (S.D.N.Y.1983), *Doe v. United Servs., Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y.1988), and *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974)).

■ If a plaintiff requests to proceed anonymously, it is within a court's discretion to grant the request. *See, e.g., Doe v. Bell Atlantic Business Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D.Mass.1995). In exercising its discretion, a court should consider certain factors in determining whether a plaintiff may proceed anonymously, including: (1) whether the plaintiff challenges governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced. *Shakur,* 164 F.R.D. at 360; *see also James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); *Rowe v. Burton,* 884 F.Supp. 1372, 1386 (D.Alaska 1994).

■ Here, Plaintiff has failed to even request the privilege of proceeding anonymously, let alone make a showing that his factual situation warrants this special treatment. Moreover, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Shakur,* 164 F.R.D. at 361

(*citing Frank,* 951 F.2d at 323). The public has a right of access to the courts. Indeed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Deschamps,* 64 F.R.D. at 653.

Accordingly, Plaintiff may not proceed anonymously and the caption of this case must be corrected to reflect that Michael Barth is the plaintiff.

## A. Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if the complaint fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss, the facts alleged by the plaintiff are assumed to be true and must be liberally construed in the light most favorable to the plaintiff. *See, e.g., Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir. 1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). While a court need not accept mere conclusions of law, a court should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *See Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967).

Furthermore, when a party makes a Rule 12(b)(6) motion to dismiss, a court will limit its consideration to the facts asserted on the face of the complaint. *Cosmas v. Hassett,* 886 F.2d 8, 13 (2d Cir.1989). A complaint will not be dismissed for failure to state a claim unless it appears, beyond a doubt, that the plaintiff can prove no set of facts that would entitle her to relief. *See Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127 (N.D.N.Y.1990).

With this standard in mind, the Court will address the sufficiency of Plaintiff's Complaint.

## B. Defendant Deborah Poritz

Plaintiff claims that defendant Deborah Poritz, former Attorney General of New Jersey, met with a New Jersey Superior Court Judge in an effort to influence the outcome of a "related Southern District" case and that "Deborah Poritz acted corruptly, that is, with the intent to influence, obstruct, or impede the Federal Proceeding in its due administration of justice." (Complaint ¶ 7). Poritz moves to dismiss on two grounds: this Court lacks personal jurisdiction and Plaintiff's Complaint fails to state a cause of action.

In reviewing a motion to dismiss for lack of personal jurisdiction, the Court must view all pleadings and affidavits in a light most favorable to the plaintiff, resolving any doubt in the plaintiff's favor. *See Hoffritz for Cutlery, Inc. v. Amajac Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). In order to obtain personal jurisdiction over a defendant in New York, Plaintiff must show that New York authorizes personal jurisdiction pursuant to either section 301 or section 302 of the New York Civil Practice Law and Rules ("NYCPLR"). Plaintiff must also satisfy the constitutional requirements of due process. *See, e.g., International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)(requiring "certain minimum contacts [within the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' ")

"A corporation is subject to in personam jurisdiction in New York under NYCPLR section 301 when it is 'engaged' in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Grill v. Walt Disney Co.,* 683 F.Supp. 66, 68 (S.D.N.Y. 1988) (citations omitted); *see also Laufer v. Ostrow,* 55 N.Y.2d 305, 309, 434 N.E.2d 692, 695, 449 N.Y.S.2d 456, 458 (1982).

Here, Plaintiff has not shown that Poritz has any presence in New York, let alone that her contacts rise to the level of "doing business."

Nevertheless, Poritz may be subject to in personam jurisdiction under NYCPLR section 302, New York's long-arm statute, which provides several additional methods of obtaining jurisdiction. For Poritz to be subject to personal jurisdiction under NYCPLR section 302(c)(1), she must "transact[ ] business within the state or contract [ ] anywhere to supply goods or services in the state." Sec-

tion 302(c)(2) permits an exercise of personal jurisdiction where a tortious act has occurred within the state and NYCPLR section 302(c)(3) provides for personal jurisdiction in instances where a tort has been committed outside the state causing injuries within the state. Finally, NYCPLR section 302(c)(4) permits jurisdiction to lie where the defendant "owns, uses or possesses any real property situated within the state."

██ Even a cursory review of Plaintiff's Complaint demonstrates that he has failed to satisfy any section of New York's long-arm statute. As Judge Keenan stated in Plaintiff's prior case filed in the Southern District, where "an exercise of personal jurisdiction is improper, it is unnecessary for this Court to proceed further to analyze the constitutionality of that exercise. This Court lacks jurisdiction...." *Anonymous v. Kaye*, 1995 WL 617795, at *4.

Similarly, this Court lacks personal jurisdiction over Deborah Poritz, and Plaintiff's Complaint is therefore dismissed as to her.

### C. Defendant American Bar Association

Defendant American Bar Association moves to dismiss on the grounds that Plaintiff's Complaint is (1) barred by *res judicata;* (2) barred by the *Rooker–Feldman* doctrine; (3) barred by New Jersey's entire controversy doctrine; and (3) fails to state a claim.

██ Under the doctrine of *res judicata,* "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins,* 14 F.3d 787, 789 (2d Cir.1994) (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)). Under both New York law and federal law, "the doctrine states that once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning 'the transaction, or series of connected transactions, out of which the [first] action arose.'" *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.

1997) (citing Restatement (Second) of Judgments § 24(1) (1982)).

██ In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive. *S.E.C. v. First Jersey Sec., Inc.,* 101 F.3d 1450, 1463 (2d Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 57, 139 L.Ed.2d 21 (1997). The first judgment will only preclude a second suit when it involves the same "transaction" or connected series of transactions as the earlier suit; in other words, "the second cause of action requires the same evidence to support it and is based on facts that were also present in the first." *Maharaj,* 128 F.3d at 97.

██ Under New York's transactional approach to *res judicata,* however, the doctrine bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos,* 14 F.3d at 790 (citing *Smith v. Russell Sage College,* 54 N.Y.2d 185, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 748–49 (1981)).

██ Turning to the facts here, it is clear that Plaintiff's Complaint is barred. Judge Thompson of the District of New Jersey described Plaintiff's complaint against the ABA in her court as follows: "Plaintiff has alleged six counts against the ABA: two federal antitrust counts, violation of the New York and New Jersey state antitrust laws, breach of contract, negligence and 'breach of law of associations.'" *Anonymous v. Wilentz,* No. 96–452, slip at 14. These are essentially the same claims Plaintiff has brought here; those that are not precisely the same are nevertheless based on the same set of core facts.

Ironically, Judge Thompson dismissed most of Plaintiff's claims on *res judicata* grounds. The same disposition is required here. Because Plaintiff's present claims against the ABA are barred by the doctrine of *res judicata,* they must be dismissed.

## D. Plaintiff's Cross-Motion

Plaintiff makes a number of requests in the form of a cross-motion seeking the Court's recusal, denial of attorney Catinello's *Pro Hac Vice* motion, default, a *Subpoena Duces Tecum*, a stay pending appeal, and reconsideration of the Court's prior decision dismissing the New York State Defendants. Although all of Plaintiff's requests are without merit, the Court will address two issues Plaintiff has raised that deserve mention.

First, Plaintiff moves for this Court's recusal because the Court used the following phrase: "This bizzare civil rights case has a long a convoluted history." December 12, 1997 Memorandum–Decision & Order at 2. Plaintiff asserts the Court has shown bias against him.

 Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In particular, a judge must disqualify himself when he has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). In determining whether recusal is warranted, the test of impartiality is "what a reasonable person, knowing and understanding all the facts and circumstances, would believe." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1309 (2d Cir.1988); *see also S.E.C. v. Grossman*, 887 F.Supp. 649, 658 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 109 (2d Cir.1996). It is well-settled, however, that a judge has "an affirmative duty ... not to disqualify himself unnecessarily." *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978).

 The Court's description of this case as "bizzare" and "convoluted" is apt and does not demonstrate bias. Accordingly, Plaintiff's motion for recusal is denied.

 Plaintiff also seeks reconsideration of the Court's prior decision dismissing the New York State Defendants. Reconsideration of a prior decision is discretionary, and the factors that generally compel reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992). A Court is disinclined to reconsider a prior decision unless a party has satisfied one of these three factors.

 In this instance, Plaintiff's motion does not implicate any of the three factors warranting reconsideration. Instead, Plaintiff merely reiterates the same arguments that the Court rejected in his original opposition papers. Thus, Plaintiff's Motion for Reconsideration must be denied.

## E. Sua Sponte Dismissal and Sanctions

 While a *res judicata* defense is "ordinarily" not to be recognized when not raised in the answer, no absolute bar to the consideration of such claims exists. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (citing *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir.1987) and *Carbonell v. Louisiana Dep't of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir.1985) (court may dismiss sua sponte on res judicata grounds provided it either has before it "all relevant data and legal records" or is in same district in which the original action was filed)). Moreover, a district court has the power to *sua sponte* dismiss a claim that is meritless. *See id.*

 Though a district court has the power to dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted, it may not properly do so without giving the plaintiff an opportunity to be heard. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2nd Cir.1991); *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir.1988). Accordingly, the Court hereby orders Plaintiff to show cause why the instant Complaint should not be dismissed, on *res judicata* grounds, as against the remaining defendants.

 Furthermore, the Court hereby orders Plaintiff to show cause why he should not be sanctioned for filing a vexatious and meritless Complaint. Rule 11 of the Federal Rules of Civil Procedure was created to deter dilatory and abusive tactics in litigation, and to streamline the litigation process by lessen-

ing frivolous claims or defenses. The rule provides, in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims ... therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

Fed.R.Civ.P. 11(b). Imposition of Rule 11 sanctions does not require a finding of bad faith. Rather, "[t]he test as to whether an attorney [or party] made a reasonable inquiry prior to signing a pleading is an objective standard of reasonableness under the circumstances at the time the attorney [or party] acted." *EEOC v. Tandem Computers, Inc.,* 158 F.R.D. 224, 227 (D.Mass.1994).

Rule 11 requires litigants to take responsibility for the claims they present by requiring a reasonable inquiry to assure that the claims represented are well-grounded in both law and fact. *Tandem Computers, Inc.,* 158 F.R.D. at 227. In layman's terms, Rule 11 "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions." Fed.R.Civ.P. 11, *Advisory Committee Notes* (1993 Amendment).

## III. CONCLUSION

In summary, Defendants' Motions to Dismiss are GRANTED in their entirety. Plaintiff's Complaint is DISMISSED as to defendants Deborah Poritz and the American Bar Association.

Plaintiff's Cross–Motion is DENIED in its entirety. Plaintiff may not proceed anonymously and the caption of this case is hereby corrected to reflect that Michael Barth is the plaintiff.

Furthermore, the Court hereby orders Plaintiff to SHOW CAUSE at the Court's regular motion term on March 27, 1998, at 10:00 am in Binghamton, New York, why the remaining defendants should not be dismissed and why Plaintiff should not be sanctioned for filing a vexatious and meritless Complaint.[1]

**IT IS SO ORDERED.**

---

1. Plaintiff's response papers are due no later than March 13, 1998. If any defendants choose to respond, their papers are due no later than March 20, 1998.