**JAVIER H., et al., Plaintiffs,**

v.

**Maria GARCIA–BOTELLO, et al., Defendants.**

No. 02–CV–523S.

United States District Court, W.D. New York.

Nov. 7, 2002.

Daniel Werner, Farmworker Legal Services of New York, Inc., New Platz, NY, for plaintiffs.

John J. Lavin, Sean Dennis Hill, Hill & McCready, Buffalo, NY, for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

1. Plaintiffs, a group of ten migrant farm workers, filed a Complaint on July 22, 2002, alleging numerous violations of various statutory and common law rights. Plaintiffs seek damages and/or injunctive relief under the Fair Labor Standards Act, the Migrant and Seasonal Agricultural Worker Protection Act, the Racketeer Influenced and Corrupt Organizations Act, New York Labor Law, and New York Contract Law. Plaintiffs also seek redress relating to allegations of involuntary servitude, fraud, false imprisonment, intentional infliction of emotional distress, and assault.

2. On July 22, 2002, Plaintiffs filed a Motion to Proceed Anonymously. Therein, Plaintiffs allege that they have a well founded fear of retaliation by Defendants, and thus wish to have their true identities protected.

3. As of the date of this Decision and Order, only Defendants Maria Garcia–Botello and Elias Botello have filed an Answer to Plaintiffs' Complaint. Therein, these Defendants allege that the Complaint fails to comply with Federal Rule of Civil Procedure 10(a) and is therefore defective.[1] *See* Answer of Defendants Maria Garcia–Botello and Elias Botello, at ¶ 4.

4. Federal Rule of Civil Procedure 10(a) states, in pertinent part, "in the complaint the title of the action shall include the names of all the parties." However, in exceptional circumstances, courts have recognized that plaintiffs may be able to withhold their identities from the public record in the interest of individual privacy concerns. *Doe v. City of New York*, 201 F.R.D. 100, 101–02 (S.D.N.Y.2001); *Barth v. Kaye*, 178 F.R.D. 371, 376 (N.D.N.Y.1998); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y.1996); *Doe v.*

*Frank*, 951 F.2d 320, 323 (11th Cir.1992). Further, it is within the court's discretion to determine whether a plaintiff may proceed anonymously in an action. *Shakur*, 164 F.R.D. at 360.

5. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Shakur*, 164 F.R.D. at 361 (citing *Frank*, 951 F.2d at 323). This test, in turn, involves consideration of a number of factors including, but not limited to:

(1) whether the plaintiff is challenging governmental activity;

(2) whether the plaintiff would be required to disclose information of the utmost intimacy;

(3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution;

(4) whether the plaintiff would risk suffering injury if identified; and

(5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Shakur*, 164 F.R.D. at 361; *see also Frank*, 951 F.2d at 323; *Doe v. City of New York*, 201 F.R.D. at 102.

6. In addition, courts must also consider that a party in a civil case brings an action on its own volition to vindicate its own interests. *Shakur*, 164 F.R.D. at 361; *Doe v. Bell Atlantic Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D.Mass.1995). As such, fairness usually requires that a plaintiff stand behind its charges publicly. *Shakur*, 164 F.R.D. at 361, *Bell Atlantic*, 162 F.R.D. at 422. The plaintiff's mere accusations, made publicly against a defendant, may be enough to cause damage to the defendants otherwise good name and reputation; to allow a plaintiff to make such accusations from behind the cloak of anonymity could seriously disadvantage the defendant. *Shakur*, 164 F.R.D. at 361; *Southern*

---

1. As of this time, this is the extent of Defendants' opposition to this motion. Defendants have submitted no Memoranda or other papers in opposition.

*Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir.1979).

Moreover, courts should always remember that "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur,* 164 F.R.D. at 361 (quoting *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D.Mont.1974)).

7. In this case, Plaintiffs are not challenging government action. Likewise, disclosure of intimate information does not seem to be a factor. Compulsion to admit to illegal conduct may be a factor in this case in that the record, limited though it is at this time, indicates that some, if not all, Plaintiffs are present in this country illegally. However, Plaintiffs do not shed light on this factor in their submissions, and it is unclear what role, if any, this factor will play in the action.

Instead, the factor upon which Plaintiffs rely is fear of injury or retaliation for filing this civil action should their identities become known. Plaintiffs allege that Defendants have previously threatened violence against them. In support of this allegation, Plaintiffs direct this Court's attention to a criminal indictment handed down by the grand jury charging Defendants with serious crimes arising out of the same facts supporting this action. Plaintiffs further allege that revealing their identities in the civil action will adversely affect their ability to aid the Government in Defendants' prosecution, *i.e.,* Plaintiffs fear that Defendants will attempt to prevent, with violence if necessary, their cooperation with the Government.

8. In this Court's opinion, Plaintiffs, at this time, have a substantial privacy interest that outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. *Shakur,* 164 F.R.D. at 361. Plaintiffs have indicated that Defendants have threatened them with violence in the past, and have demonstrated a willingness to carry out those threats. *See* Indictment, Overt Acts at 22, 26, 27, 41. Moreover, Defendants have been criminally charged with similar acts of harassment, intimidation, and threats of violence that Plaintiffs continue to fear. Both the criminal and civil allegations are serious, and, if proved true, substantiate that Plaintiffs' fears of retaliation are reasonable and well-founded. Therefore, this Court finds that Plaintiffs' fears of injury are sufficient to warrant allowing them to proceed anonymously at this time.

9. This Court also recognizes the Government's interest in protecting the identity of its potential witnesses, which seemingly will include Plaintiffs. Requiring Plaintiffs to identify themselves could jeopardize that interest. Thus, in conjunction with the fear of retaliation stated above, Plaintiffs reasonably fear that Defendants may attempt to dissuade them, by violent means or otherwise, from cooperating with the Government in the criminal matter.

10. Moreover, this Court detects no prejudice to Defendants at this time. Any damage to Defendants' reputations as a result of Plaintiffs filing this civil action is secondary and minimal in comparison to any reputation damage they have suffered from the criminal charges being leveled against them. Further, the public will be substantially informed as to the facts involved in this case through prosecution of the criminal charges.

However, this Court recognizes that this is a civil action, and that in the interest of fairness, there may come a time at which Plaintiffs should be called upon to publicly stand behind their claims. Therefore, this Court is open to motions by Defendants revisiting this issue as this case proceeds. Further, considering the overlap between the civil and criminal actions, this Court reserves the right to reconsider this issue *sua sponte* pending any developments in the criminal case.

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Proceed Anonymously (Docket No. 2) is GRANTED.

FURTHER, that all documents submitted in this action continue to refer to Plaintiffs by the pseudonyms listed in the criminal indictment against the Defendants, namely Javier H., Hector H., Miguel P., S.R.C., Ju-

ventino C., Juan G., Jonas G., L.P.R., B.C.V., and Marcos C.

SO ORDERED.