EW, Plaintiff,

v.

**NEW YORK BLOOD CENTER, a New York Corporation, and United Blood Services, also known as Blood Systems, Inc., an Arizona Corporation, Defendants.**

No. 02–CV–1067 (ERK)(MDG).

United States District Court,
E.D. New York.

Feb. 19, 2003.

Sellier C. Bertrand, Solomon, Zauderer, Ellenhorn, Frischer & Sharp, Ralph C. Dawson, Fulbright & Jaworski L.L.P., Mark A. Robertson, Fulbright & Jaworski L.L.P., New York City, for Defendants.

Peter D. Hoffman, Law Office of Peter D. Hoffman, PC, Katonah, NY, for Plaintiff.

### MEMORANDUM & ORDER

KORMAN, Chief Judge.

In this action, plaintiff, who filed her complaint under a pseudonym, seeks damages claiming that she contracted "HBV" (hepatitis B) from a blood transfusion. The blood at issue was allegedly collected by United Blood Services and tested by New York Blood Center ("NYBC" or "defendant"). By this motion under Rules 10(a), 12(b) and 17(a), Fed. R.Civ.P., NYBC seeks to dismiss the complaint, ostensibly because it was filed under a pseudonym without the permission of the court. Plaintiff cross-moved to permit it to proceed under a pseudonym. At oral argument, I granted plaintiff leave to file the complaint under seal, and to file a copy of the complaint with the Clerk of the Court using the pseudonym "EW" in place of Ella Woe. NYBC had objected to the latter pseudonym because "it was inappropriate and inflammatory, and was selected ... to evoke sympathy." (Letter dated September 27, 2002, from Caroline Werner Nolan). I also indicated that the motion to dismiss would be denied in a written memorandum and order to follow. *See* Court doc. # 21.

The issues on the motion are (1) whether the failure of plaintiff to bring this action in her own name requires dismissal of the action; or (2) whether plaintiff should be required to pursue the action in her own name.

### *Discussion*

### I. The Motion to Dismiss

NYBC contends that the court lacks jurisdiction because of plaintiff's filing of the case under a pseudonym. In essence, defendant contends that plaintiff's failure to identify herself by name in the complaint means that no action has properly been commenced, and the only remedy available to the court is dismissal.

Fed.R.Civ.P. 10(a) requires that a case be brought in the name of the parties. It provides that "[i]n the complaint the title of the action shall include the names of all the parties ..." Rule 17(a), in turn, specifies the correct procedure when an action has not been prosecuted in the name of a real party in interest, stating in relevant part:

> Every action shall be prosecuted in the name of the real party in interest ... no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

In light of these provisions of the Federal Rules, NYBC's contention that the Court lacks jurisdiction over the matter, and cannot permit amendment of the complaint to reflect the name of the real party in interest, is obviously wrong. Fed R. Civ. P. 17(a) itself specifies that the court may permit correction of a caption in a matter under these circumstances, if a plaintiff has not been named or identified correctly. Thus, the federal rule itself indicates that failing to bring an action in the name of the real party in interest does *not* immediately and automatically divest a district court of jurisdiction. Indeed, in many cases courts have permitted a motion such as the present one to provide a basis for continuing the proceeding (initially filed under a pseudonym), either

with or without a pseudonym. *See, e.g., Doe v. Stegall*, 653 F.2d 180 (5th Cir.1981)(granting protective order permitting use of pseudonym some time after commencement of suit where class action suit was filed under pseudonym).

■ Moreover, the cases cited by defendant do not support its position. Rather to the extent those cases have any bearing on the present one, they stand for the proposition that where a court has never properly had jurisdiction over the parties because of the failure to name them properly in compliance with Rule 10(a), it may not later, while the case is on appeal, and no longer pending before it, correct any problem with the naming of parties. *See, e.g., W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir.2001); *Roe v. Rostker*, 89 F.R.D. 158 (N.D.Cal.1981). Since this case falls within the scope of Rule 17(a), those cases have no bearing here.

■ There is yet another reason why dismissal is not appropriate here. Some 16 complaints have been filed against NYBC by plaintiffs who used pseudonyms. The complaints were filed by the same attorney who represents plaintiff. NYBC never moved to dismiss any of them. NYBC made this motion to dismiss, which should revolve around the consideration of the rights of the parties and the public interest in free access to information, to force the dismissal of the proceeding because it believes that a newly filed complaint would be time-barred. So much it all but confessed at oral argument. Because plaintiff's counsel was led to assume that NYBC would not contest a complaint filed under a pseudonym, NYBC should now be estopped from seeking a dismissal that would extinguish plaintiff's cause of action.

## II. Use of a Pseudonym

NYBC also requests that plaintiff be required to bring this action in her own name rather than under a pseudonym. The use of pseudonyms to conceal a plaintiff's real name has no explicit sanction in the federal rules. Use of a pseudonym by a plaintiff may also cause problems to defendants engaging in discovery and establishing their defenses, and in assigning the *res judicata* effects of judgments. The Supreme Court. has none-

theless given the practice implicit recognition in two abortion cases, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973).

■ Accordingly, in special circumstances, a party to a civil action can obtain permission from the court to proceed under a pseudonym. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993). While the Second Circuit has yet to address the issue, the cases make clear the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. *See Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y.1998), *vacated on rehearing and modified on other grounds*, 105 F.Supp.2d 40, 45 (E.D.N.Y. 1999); *Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.*, 1997 WL 171011, *6 (S.D.N.Y. April 10, 1997); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.1996).

■ In exercising its discretion, the ultimate question is "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981)); *see also Free Speech v. Reno*, 1999 WL 47310, *1 (S.D.N.Y. February 1, 1999) (same). In particular, the "plaintiff's right to privacy and security against [must be balanced] against the dual concerns of (1) public interest in identification of litigants; and (2) harm to the defendant stemming from falsification of plaintiff's name." *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F.Supp. 72, 73 (D.R.I. 1992).

The Court of Appeals for the Fifth Circuit has elaborated on this balancing process, and the role of First Amendment concerns expressed by this process:

Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings ... The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly

symmetrical. The public right to scrutinize governmental functioning, ... is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name. These crucial interests served by open trials ... are not inevitably compromised by allowing a party to proceed anonymously. Nevertheless, there remains a clear and strong First Amendment interest in ensuring that [w]hat transpires in the courtroom is public property.

*Doe v. Stegall,* 653 F.2d at 185 (internal citations and quotations omitted).

■ In light of these concerns, courts have applied an assortment of tests involving a variety of factors to determine whether a plaintiff's privacy right outweighs the public interest in open proceedings and any possible prejudice to the defendant, *see, e.g., James v. Jacobson,* 6 F.3d 233 at 238; *Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 467–68 (E.D.Pa.1997); *Doe v. Shakur,* 164 F.R.D. 359 at 361. Such factors include: (1) whether the plaintiff is challenging governmental activity or an individual's actions, see *Jacobson,* 6 F.3d at 238; *Shakur,* 164 F.R.D. at 361; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, *see id.;* (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct, *see id.;* (4) whether identification would put the plaintiff at risk of suffering physical or mental injury, *see Jacobson,* 6 F.3d at 238; *Shakur,* 164 F.R.D. at 361; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, see *Jacobson,* 6 F.3d at 238; *Shakur,* 164 F.R.D. at 361; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system. *See Provident Life,* 176 F.R.D. at 467–68.

Turning to the first factor, where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. *See, e.g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147. In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant. Further, in a class action context challenging governmental action, the individual defendant's personal characteristics (such as credibility) are generally not in issue. *See Doe v. Smith,* 189 F.R.D. at 243.

With regard to the second and fourth factors, while the cases are not altogether consistent in this regard, many courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm. A number of decisions have pointed to cases involving abortions and abortion rights as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity. *See, e.g., Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 685 (11th Cir. 2001) *cert. denied,* 534 U.S. 1129, 122 S.Ct. 1067, 151 L.Ed.2d 970 (2002); *Southern Methodist Univ. Ass'n v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir.1979); *Rankin v. New York Pub. Library,* 1999 WL 1084224, at *1 (S.D.N.Y. December 2, 1999); *W.G.A. v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D.Mo.1999); *Doe v. Rostker,* 89 F.R.D. at 161; *see also Doe v. Commonwealth's Atty. for Richmond,* 403 F.Supp. 1199 (E.D.Va.1975)(homosexuality), *aff'd,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976).; *Doe v. McConn,* 489 F.Supp. 76 (S.D.Tex.1980)(transsexuality). *But see M.M. v. Zavaras,* 139 F.3d 798 (10th Cir. 1998)(in civil rights action by prison inmate, claiming denial of access to abortion services, plaintiff could not proceed under pseudonym, claim of retaliation by defendants in case of disclosure lacked weight where plaintiff's identity was already known to defendants).

The prejudice to a defendant under the fifth factor is assessed in a corresponding manner. Specifically, courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner. *See, e.g., Doe v. Smith*, 105 F.Supp.2d at 45 (holding that there was no prejudice to defendant where it retained right to depose any and all witnesses, obtain any and all documents, and had not limited defendant's rights or public access to a trial); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072 (9th Cir.2000)(no prejudice to defendant identified where defendant could not identify any specific damage to it at this stage of the proceedings by permitting plaintiffs to proceed under a pseudonym) *Compare Mateer*, 1997 WL 171011 at *6 (where plaintiff had accused defendant law firm of malpractice it was fair that he should have to do so in his own name where the charges against firm were serious, and could cause damage to their good names and reputations).

■ In this case, the prejudice identified by plaintiff, of embarrassment and fear of stigmatization because she has HBV, which is like AIDS a sexually and blood-transmitted disease, is real. Although plaintiff has made no particularized showing of any specific harm or stigma to her caused by prosecuting the case under her own name, plaintiff argues that questioning relating to plaintiff's method of contracting HBV will inevitably involve issues relating to her sexual conduct of "great intimacy." Plaintiff avers that defendants have already served interrogatories relating to plaintiff's sexual conduct. Plaintiff also points out that NYBC has not raised similar objections in other actions, but have permitted plaintiffs suing related to conditions allegedly contracted from contaminated blood to proceed anonymously. Thus, plaintiff's privacy concerns appear to be substantial ones, and long-recognized in the cases, as well as by NYBC.

NYBC, for its part, argues that they would be prejudiced by the pseudonymous filing of the lawsuit, and that plaintiff's pursuit of the action behind a "cloak of anonymity" is intrinsically unfair. Defendant's first claim here, of prejudice to their reputation, is unconvincing. Defendant is not an ordinary private party, with interests relating solely to its personal life and business reputation— rather, NYBC is organized solely to perform an important, public service. Thus, this case is analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation. Moreover, as the publication of magazine articles about NYBC attests, there has already been substantial press relating to the allegedly problematic blood screening procedures at NYBC. As such, any additional prejudice to the defendant's reputation or ability to operate merely by the pursuit of the action under a pseudonym appears minimal. *Cf. Doe v. Shakur*, 164 F.R.D. 359 (in case involving sexual assault where plaintiff's name was already known to the press, she could not claim prejudice on this basis). In addition, defendant has not identified any prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym. Indeed, NYBC conceded at oral argument that it already knew plaintiff's name. And, as set out above, plaintiff has identified numerous occasions where NYBC has not objected to the use of a pseudonym by a plaintiff. Indeed, the sole purpose of the motion is to extinguish plaintiff's claim because a new complaint would be time-barred.

By contrast, the plaintiff has identified a concrete and cognizable interest in proceeding by pseudonym. Moreover, in comparison to the plaintiff's interest in her privacy, the First Amendment interest in access to the plaintiff's name in the course of these proceedings appears to be primarily theoretical. Over a century ago, Samuel Warren and Louis Brandeis argued compellingly for the legal recognition of a personal right to privacy. They wrote that "modern enterprise and invention have, through invasions upon [an individual's] privacy, subjected him to mental pain and distress, far greater than could be inflicted by mere bodily injury." Warren & Brandeis, *The Right to Privacy*, 4 Harv. L.Rev. 193, 196 (1890). The modern invention of today includes access to court files by

those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint.

### Conclusion

Defendant NYBC's motion is denied in all respects. Plaintiff's motion is granted. Plaintiff has filed a complaint bearing her real name under seal, and she may use a pseudonym in the complaint in the public file.

**SO ORDERED.**