Jane DOE, Plaintiff,

v.

John SMITH, M.D., Defendant.

No. 98–CV–6600 (ARR).

United States District Court,
E.D. New York.

Dec. 8, 1998.

Ellen Gesmer, Gulielmetti & Gesmer, P.C., New York City, for plaintiff.

Bruce Brady, Callan, Regenstreich, Koster & Brady, New York City, for defendant.

## AMENDED OPINION AND ORDER

ROSS, District Judge.

Plaintiff alleges that, in the course of providing the plaintiff with psychiatric treatment, the defendant assaulted, molested, and sexually abused the plaintiff. As a result of the sensitive nature of the subject matter of the case, the plaintiff moved the court either to allow her to proceed under a pseudonym or to seal all documents filed in the action. The defendant opposed the motion. For the reasons stated below, the court denies the motion.

### I. Background

According to both parties, the plaintiff initially engaged the defendant as her psychiatrist in September 1991. From that date until November 1997, it is undisputed that the defendant treated the plaintiff for multiple personality disorder resulting from a childhood history of sexual and physical abuse. According to the plaintiff, during the course of this treatment, the defendant repeatedly touched her in a sexual manner without consent, subjected her to sexually offensive and degrading comments, and assaulted her. The plaintiff alleges that these actions constituted a violation of the Violence Against Women Act, 42 U.S.C. § 13981, as well as assault, battery, breach of contract, medical malpractice, intentional infliction of emotional distress, and negligent infliction of emotional distress.

The defendant categorically denies all of these allegations. According to the defendant, the plaintiff's psychiatric treatment sessions were "highly emotional and tumultuous" and caused the plaintiff to experience flashbacks and blackouts. See Def.Memo. of Law at 1–2. During the course of the treatment, according to defendant, plaintiff's illness caused suicidal and self-destructive behavior that often forced the defendant "to physically restrain the plaintiff." Id. However, the defendant denies touching plaintiff in a sexual manner or making sexually offensive or degrading comments.

On October 27, 1998, plaintiff filed the complaint in this lawsuit and simultaneously requested ex parte that the court either allow her to proceed under a pseudonym or seal all documents filed in the action. In response to this request, the court entered a preliminary order sealing the file, but delayed any decision on the question pending a full briefing on the issue from both parties. See Order, 10/27/98. In an affidavit supporting her motion, the plaintiff affirmed that the lawsuit required her to reveal intimate details regarding her history of sexual and emotional abuse and mental illness,[1] Pl.Affid. in Supp. of Motion, at ¶ 5, and that revealing her identity would result in mental and emotional pain, as well as potential harm to her career. See id. at ¶ 6.

### II. Analysis

 Fed.R.Civ.P. 10(a) provides that a complaint "shall include the names of all the parties." The underlying intent of this rule

---

**1.** The plaintiff also affirmed that she had revealed her history of abuse and mental illness to very few people. See Pl.Affid. in Supp. of Motion, at ¶ 7.

is to provide parties to the action with the identities of their opponents and to protect the public interest in full knowledge of the facts at issue in court proceedings. *See Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.*, 1997 WL 171011, at *5 (S.D.N.Y.1997); *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.1996); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y.1988). However, in special circumstances, a party to a civil action can obtain permission from the court to proceed under a pseudonym. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993). The Second Circuit has yet to address the issue directly.

The decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. *See Mateer*, 1997 WL 171011, at *6; *Shakur*, 164 F.R.D. at 360. In exercising its discretion, the court must decide the ultimate question of "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981)). In particular, the court must balance the "plaintiff's right to privacy and security against the dual concerns of (1) public interest in identification of litigants; and (2) harm to the defendant stemming from falsification of plaintiff's name." *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F.Supp. 72, 73 (D.R.I.1992). However, it is important to remember that "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323.

In balancing plaintiff's privacy right against the public interest in open proceedings and any possible prejudice to the defendant, courts have applied an assortment of tests involving a host of different factors. *See, e.g., Jacobson*, 6 F.3d at 238; *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D.Pa.1997); *Shakur*,

164 F.R.D. at 361. Such factors include (1) whether the plaintiff is challenging governmental activity or an individual's actions, *see Jacobson*, 6 F.3d at 238; *Shakur*, 164 F.R.D. at 361, (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy, *see id.*, (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct, *see id.*, (4) whether identification would put the plaintiff at risk of suffering physical or mental injury, *see Jacobson*, 6 F.3d at 238; *Shakur*, 164 F.R.D. at 361, (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously, *see Jacobson*, 6 F.3d at 238; *Shakur*, 164 F.R.D. at 361, (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.[2] *See Provident Life*, 176 F.R.D. at 467–68.

The first and third factors—whether the plaintiff is challenging governmental activity and whether the action requires disclosure of likely illegal conduct—weigh against granting the plaintiff's motion. Where a plaintiff attacks governmental activity, in many cases, a governmental policy or statute, *see, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Stegall*, 653 F.2d 180, the plaintiff's interest in proceeding anonymously is particularly strong. Because governmental policies and statutes generally reflect the interests and opinion of the majority, the plaintiff is likely assuming a minority position that may be politically unpopular. Moreover, unlike a case involving an individual defendant, the government does not have the same interest in protecting its reputation from damaging allegations as does a private, individual defendant. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 142 (D.Ind.1996). Finally, since the plaintiff is generally one of a large class of persons who could bring a suit against governmental activity, the plaintiff's individual characteristics, such as the plaintiff's per-

---

**2.** Some courts have included as an additional factor the good faith nature of the parties' positions in proposing or opposing anonymity. *See, e.g., Provident Life*, 176 F.R.D. at 467–68. As in all cases, a party's bad faith would, of course, impact a court's decision. However, the court does not deem this analysis any more important in a case involving a party's anonymity than in any other case.

sonal credibility, are not at issue. *See id.* In this case, the plaintiff is not attacking governmental activity, but rather making serious allegations of reprehensible and even illegal conduct on the part of an individual defendant.

■ Where a plaintiff's action requires disclosure of the plaintiffs intention to engage in illegal conduct, the plaintiff's interest in remaining anonymous is at its zenith. The potential harm to such a plaintiff from disclosure of her identity is palpable and obvious. Were a court not to grant a plaintiff the right to proceed under a pseudonym in this situation, it is highly likely that no suit would be brought. However, the instant action does not involve any potentially illegal conduct on the part of the plaintiff.

The second factor weighs in favor of the plaintiff. As ·a number of courts have recognized, revelations regarding a plaintiff's sexuality and mental health constitute questions of deep intimacy. *See, e.g., Frank,* 951 F.2d at 324 (11th Cir.1992) (acknowledging that "courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality") (citations omitted); *Provident Life,* 176 F.R.D. at 468 (discussing stigma of mental illness). Moreover, courts have found that plaintiffs who must reveal information regarding aberrant sexual histories or mental illness are likely to suffer social stigmatization. *See id.; United Servs.,* 123 F.R.D. at 439. As a result, there is precedent supporting the plaintiff's affirmation that revelation of her identity could cause public intrusion into matters of utmost privacy, social stigmatization, and resulting mental anguish.

■ Although the fourth factor also favors plaintiff, the record in this case does not permit according it any significant weight. Though the court recognizes that publicizing the plaintiff's name could cause her stigmatization and anguish, the plaintiff has proffered virtually no evidence of the nature, level, or intensity of the mental injury that such stigmatization would cause her. The plaintiff

has not provided the court, for example, with an expert opinion regarding the effect that revealing her name would have upon her personal mental health in light of her particular psychiatric condition. As a result, the court can do no more than speculate regarding the potential injury she may suffer from disclosure of her identity in court papers.[3] For the reasons stated below, the court does not believe that the plaintiff has presented the exceptional situation where her privacy interests outweigh the defendant's and the public's interest in public proceedings.

■ In this case, the fifth factor—whether proceeding anonymously would prejudice the defendant—carries no weight in the balancing process. Since the defendant is personally aware of the plaintiff's identity, permitting the plaintiff to proceed under a pseudonym would not hinder the defendant's in-court defense. *See United Servs.,* 123 F.R.D. at 439. However, the fifth factor generally weighs heavily against plaintiffs in cases involving damaging allegations of reprehensible conduct brought against individual defendants because of the public nature of the accusations. In such cases, courts have reasoned that "[b]asic fairness requires that where a plaintiff makes [damaging] accusations publicly, he should stand behind those accusations, and the defendants should be able to defend themselves publicly." *Indiana Black Expo,* 923 F.Supp. at 141–42; *see also Mateer,* 1997 WL 171011, at *6; *Shakur,* 164 F.R.D. at 361. As a result, courts have repeatedly required that plaintiffs alleging sexual assault or harassment against private individuals and employers proceed publicly. *See Shakur,* 164 F.R.D. at 361–62; *Doe v. Bell Atlantic Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 422 (D.Mass. 1995); *Doe v. University of Rhode Island,* 1993 WL 667341 (D.R.I.1993); *but see Doe v. Diocese Corp.,* 43 Conn.Supp. 152, 647 A.2d 1067 (1994). Similarly, courts have repeatedly rejected plaintiffs' motions to proceed anonymously in cases involving allegations of employment discrimination against

---

**3.** The court obviously cannot hazard a guess as to whether a greater evidentiary showing of harm could have tipped the scales in the opposite direction. But such a showing would certainly have enabled the court to better understand why the plaintiff's particular situation warranted the exceptional relief inherent in proceeding anonymously.

private individuals and employers. *See Southern Methodist Univ. Ass'n*, 599 F.2d at 712–13; *Indiana Black Expo*, 923 F.Supp. at 142–43; *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D.Miss.1987).

▮ In this case, the plaintiff has brought damaging allegations of sexual assault, professional irresponsibility, and potentially criminal conduct against the individual defendant. As a result, allowing the plaintiff to proceed under a pseudonym would appear to force the defendant "to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity," *Shakur*, 164 F.R.D. at 361, the very result rejected in the aforementioned cases. However, in order to avoid such a result in this case, the plaintiff offered to forego any opposition to the defendant also proceeding under a pseudonym. *See* Gesmer Affid. in Supp. of Motion, at ¶¶ 5–6. The defendant rejected this offer.[4] *See* Hearing, 12/4/98. As a result, the fact that allowing the plaintiff to proceed anonymously would undermine the defendant's ability to defend himself publicly does not bear the same weight as in the above cases. Since the defendant himself allowed the allegations to be publicly aired, he cannot now claim prejudice therefrom.

▮ Finally and most importantly, the public interest in open judicial proceedings weighs heavily against the plaintiff. A fundamental tenet of our justice system is that "lawsuits are public events." *Frank*, 951 F.2d at 324; *Shakur*, 164 F.R.D. at 361. The open nature of our justice system is not a matter of administrative convenience, but a key element in assuring the public confidence and accountability crucial to the operation of the judicial branch in our democracy. The presumption against proceeding anonymously results from this commitment to openness.

▮ In order to overcome this presumption, the plaintiff argues that this case presents an exceptional circumstance that warrants permission to proceed under a

pseudonym not only because of the potential personal harm likely to afflict the plaintiff through public disclosure of her identity, but also because of the public interest in providing individuals situated similarly to the plaintiff with meaningful access to the justice system. According to plaintiff, denial of her motion to proceed anonymously would deter other individuals suffering from mental illnesses from suing offending psychiatrists. *See* Hearing, 12/4/98.

Courts have previously found that permitting plaintiffs to proceed anonymously promoted the public interest by providing access to the justice system to plaintiffs who would not otherwise seek to vindicate their rights. *See, e.g., Provident Life*, 176 F.R.D. at 468 (finding public interest in allowing mentally ill patient to sue insurance company regarding coverage policy under pseudonym). However, many such cases involve attacks on governmental policies, legislative statutes, or corporate policies of broad application. *See Indiana Black Expo*, 923 F.Supp. at 142. In many such cases, the only method of challenging the offending practices was through litigation. By contrast, in rejecting motions to proceed anonymously in civil suits against individuals for damages, courts have emphasized that plaintiffs in such suits are "seeking to vindicate primarily [their] own interests." *Shakur*, 164 F.R.D. at 361; *see also Mateer*, 1997 WL 171011, at *6. Moreover, in many such suits, the plaintiff has a number of alternatives for redressing the problem in addition to pursuing civil damages: for example, she could report the case to law enforcement authorities if it involved the commission of a crime, *see Shakur*, 164 F.R.D. at 361, or to professional conduct boards in cases involving professional misconduct.

Moreover, the plaintiff's argument that allowing her to proceed anonymously would promote the access to the court system of similarly situated plaintiffs contains the corollary that such a ruling might set a disturbing precedent that patients suing psychia-

---

4. According to the defendant, the mere filing of the suit—even though under seal—had already placed him in serious personal and professional jeopardy, because he was required to disclose the suit to various public and private organizations including insurance companies, health mainte-nance organizations, and hospitals. *See* Def. Affid. in Opp. to Motion at ¶ 11. As a result, proceeding under a pseudonym would not protect the defendant from what he felt was the most serious prejudice resulting from the action. *See* Hearing, 12/4/98.

trists for sexual improprieties could do so anonymously. Indeed, the plaintiff did not attempt to distinguish her case from other cases involving psychiatrists and patients, but rather appeared to argue generally that all similarly situated patients were deserving of anonymity. *See* Hearing, 12/4/98. The universal nature of the plaintiff's contentions detracts from her argument that hers is an exceptional circumstance. *See Indiana Black Expo*, 923 F.Supp. at 142. This court will not accept the plaintiff's apparent invitation to carve out a type of case as triggering a right to proceed pseudonymously.

Applying the six factors to the case at hand, this court holds that the plaintiff has not successfully borne her burden of overcoming the presumption of openness axiomatic to our justice system. In order to bring her civil action, the plaintiff will have to air publicly her history of mental illness and sexual abuse. This court recognizes that revealing such intimate matters is likely to cause the plaintiff mental anguish and social stigmatization. However, the plaintiff has not alleged sufficiently particularized harm to overcome the public interest in open judicial proceedings. As a result, the plaintiff must identify herself by name in order to bring this lawsuit.

At least two circuits have held that orders denying leave to proceed under a pseudonym are immediately appealable as collateral orders. *See Jacobson*, 6 F.3d at 237; *Frank*, 951 F.2d at 322 n. 1. As a result, in order to afford the plaintiff sufficient time to file a meaningful interlocutory appeal, the case file will remain sealed for ten days from the date of this order. Within ten days, the plaintiff is directed to file either a notice of appeal or an amended complaint naming the plaintiff. If the plaintiff files a notice of appeal, the file will remain sealed pending the appeal's outcome. If the plaintiff files an amended complaint, the court will unseal the file at that time. If the plaintiff files neither an amended complaint nor a notice of appeal within ten days, the court will dismiss the complaint without prejudice after ten days.

## CONCLUSION

For the reasons stated above, the plaintiff's request for leave to proceed under a pseudonym or for all documents in the case to be filed under seal is DENIED. The court ORDERS the plaintiff to file a notice of appeal or an amended complaint naming the plaintiff within ten (10) days. If the plaintiff fails to file one of these documents, the court will dismiss the action without prejudice.

SO ORDERED.