## CIRCUIT COURT OF THE CITY OF ROANOKE

Jane Doe

 v.

Charles Briscoe et al.

Case No. CL02-499

BY JUDGE CHARLES N. DORSEY

January 27, 2003

At the hearing in this matter on December 19, 2002, numerous issues were taken up including whether the plaintiff may be permitted to proceed anonymously. Counsel have appropriately focused on *American Online, Inc. v. Anonymous Publicly Traded Company*, 261 Va. 350 (2001), as providing the salient analysis. As Justice Lemons notes in that opinion, there have been reported cases in Virginia where a plaintiff proceeded anonymously but, in these cases, the issue was resolved by consent while the *AOL* case is the first reported opinion regarding the circumstances under which a plaintiff may proceed anonymously in Virginia courts.

Obviously, counsel are familiar with the case and I see no good purpose in rehashing the facts or the analysis. Nonetheless, in summary, a trial is a public event and, while there is no absolute bar to a plaintiff's proceeding anonymously, the proper circumstances to do so must be shown. As Justice Lemons noted in the *AOL* case, the trial court (albeit in Indiana) "did not conduct an evidentiary hearing and no reasons were given for its decision. . . ."

Consequently, due to the fact that there has been no hearing in this matter and no showing other than that urged by counsel at the time of hearing, I will grant the plaintiff leave to schedule a hearing solely on the factors enumerated in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), or any other

factors that are appropriate for consideration by state courts in Virginia pertaining to the plaintiff's need to proceed anonymously. Should the plaintiff not desire such hearing, I will grant the defendant's motion to dismiss due to the anonymous filing.

Inasmuch as this ruling will be dispositive of all other issues if the evidentiary hearing does not result in a court ruling permitting the plaintiff to proceed anonymously, I am not addressing the other issues and arguments raised.

Finally, I have noticed in the file objections of Church of God Ministries, Inc., to discovery requests propounded by plaintiff. In light of the present procedural status of this matter, I am staying all discovery pending a further ruling or hearing. I will be happy to lift that stay in regard to any particular request that counsel may have and counsel may either submit an agreed order or schedule a telephone conference should any such discovery matter exist.

. April 24, 2003

By prior opinion, leave had been granted to the plaintiff to schedule a hearing to adduce evidence on the factors enumerated in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), or any other factors appropriate for consideration, pertaining to the plaintiff's desire to proceed pseudonymously. An affidavit of the plaintiff was proffered in that hearing, which affidavit was also revealed to all counsel, and I have directed that counsel, as officers of the Court, not disclose the contents of such affidavit, even to the parties, pending further order. I have also placed the affidavit, under seal, in the court file.

As indicated earlier, the *Jacobson* factors are the appropriate factors on which to focus as noted by Justice Lemons in *America Online, Inc. v. Anonymous Publicly Traded Company*, 261 Va. 350, 542 S.E.2d 377 (2001). The General Assembly has now confirmed the accuracy of that viewpoint by incorporating the *Jacobson* factors into a new section of the Virginia Code which will be numbered Virginia Code § 8.01-15.1 when it takes effect on July 1st of this year.

Senate Bill 985, approved March 18, 2003, reads, in its entirety:

§ 8.01-15.1. *Anonymous plaintiff; motion for identification; factors to be considered by court.*

A. In any legal proceeding commenced anonymously, any party may move for an order concerning the propriety of anonymous participation in the proceeding. The trial court may

allow maintenance of the proceeding under a pseudonym if the anonymous litigant discharges the burden of showing special circumstances such that the need for anonymity outweighs the public's interest in knowing the party's identity and outweighs any prejudice to any other party. The court may consider whether the requested anonymity is intended merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a sensitive and highly personal matter; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent nonparties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and the risk of unfairness to other parties if anonymity is maintained.

B. If the court initially permits a party to proceed anonymously, the issue of the propriety of continued anonymous participation in the proceedings may be raised at any stage of the litigation when circumstances warrant a reconsideration of the issue. In all cases, all parties have the right to know the true identities of all other parties under such provisions of confidentiality as the court may deem appropriate.

C. If the court orders that the anonymous litigant be identified, the pleadings and any relevant dockets shall be reformed to reflect the party's true name, and the identification shall be deemed to relate back to the date of filing of the proceeding by the anonymous party.

D. In any legal proceeding in which a party is proceeding anonymously, the court shall enter appropriate orders to afford all parties the rights, procedures, and discovery to which they are otherwise entitled.

For convenience of analysis, I will allude to the factors in the same order as set out in prospective code § 8.01-15.1.

*Whether requested anonymity is to avoid annoyance and criticism attendant to litigation or to preserve privacy in a sensitive and highly personal matter.*

Though couched in appropriate legal terminology and constituting multiple counts, the gist of the motion for judgment is that the plaintiff was sexually molested and assaulted by an ordained minister. While any issue involving sexual molestation may appear, at first blush, to trigger appropriate

concerns of privacy, the *Jacobson* court points out that any analysis should be based on "a particularized assessment of the equities involved" rather than a general proposition. Not surprisingly, there are numerous cases applying the *Jacobson* factors. By way of illustration, I will focus on three such cases. *Doe v. Shakur*, 164 F.R.D. 359 (S.D. N.Y. 1996), involved a victim of sexual assault who brought a civil action seeking compensatory and punitive damages. As the court in *Shakur* noted, if the allegations of the complaint were true, the plaintiff was the victim of a brutal sexual assault. The court went on to note, however, that those concerns were outweighed by other considerations. Particularly, as in this case, *Shakur* was a civil suit for damages, not a criminal case, where rape shield laws might provide anonymity to encourage victims to testify in order to vindicate appropriate public interest in law enforcement. Significantly, as in all civil cases, it is the plaintiff herself who elected to initiate this action. To paraphrase the *Shakur* court, these are serious charges and fairness dictates that the plaintiff stand behind them, publicly.

*Doe v. Smith*, 189 F.R.D. 239 (E.D. N.Y. 1998), was an action against a psychiatrist alleging assault, molestation, and sexual abuse occurring during treatment. Here, as in *Smith*, though publicizing the plaintiff's name may cause her anguish and social stigmatization, she has proffered virtually no evidence as to this factor, other than embarrassment. It would be speculative to guess at any potential injury she may suffer from disclosure of her identity in court papers.

*Doe v. North Carolina Central Univ.*, 1999 U.S. Dist. LEXIS 9804 (M.D. N.C. Apr. 15, 1999), involved a cause of action alleging sexual assault and rape of an employee by her supervisor. In the *North Carolina Central Univ.* case, there was evidence from the plaintiff's psychologist that she would be "further traumatized" by being identified publicly. In that case, as in the instant one, there was no doubt but that the privacy concerns at stake were valid and substantial. Those concerns must be considered by the Court and balanced against the soon to be statutory factors of *Jacobson*.

It appears that "courts have generally been reluctant to provide anonymity based on a plaintiff's potential embarrassment, even if the case involves sexual assault." *Doe v. North Carolina Central Univ.*, 1999 U.S. Dist. LEXIS at * 5; *see also* citation therein of other cases involving claims of sexual assault. In summary, the plaintiff here has a non-particularized concern regarding the personal nature of the alleged assault and embarrassment. She has not alleged nor shown any other evidence as to this factor. In January 2002, she attended a meeting with the credentials committee of the Church of God, one of the named defendants in this matter. In that meeting, the plaintiff

apparently made no effort to proceed anonymously nor expressed any concern regarding such issue. Regardless of the meeting, however, I cannot find that the plaintiff has met her burden as to this factor.

*Whether identification poses a risk of retaliatory physical or mental harm.*

The plaintiff here testified that, when Anderson University, in Anderson, Indiana, an educational facility connected with the Church of God, which she was attending, found out about her lawsuit, the school was hesitant to let her return, and she has since lived off campus. Inferentially, other students may see her suit as an attack on the church itself and she may be placed at risk of retaliatory physical or mental harm. She also testified that she has been approached by members of the personal defendant's family including the defendant's son who cursed at her. However, that incident did not occur until after the anonymous lawsuit was filed. There was also no reference made to the lawsuit in the remarks made by the defendant's son. There has not been any evidence adduced, nor argument made, that identification of the plaintiff by her real name poses any risk to innocent non-parties. As in the *Shakur* case, the plaintiff has not provided any other details as to this factor, nor has she explained how or why the use of her real name would lead to any harm. In fact, it appears that her identity is fairly well known within the very community with which she is concerned, being the Anderson University community and the larger Church of God community. Other than the contact with defendant's son, she has not testified nor adduced any evidence regarding problematic conduct from any member of the community who does know her identity. I consequently find that the plaintiff has not met her burden to show the risk of retaliatory harm.

*The age of the person whose privacy interests are sought to be protected.*

While the plaintiff is young, being nineteen at the time of filing and now almost twenty-one years of age, this factor is otherwise not an issue in the present case since there is no allegation of children's involvement nor potential harm to children if the plaintiff does not proceed anonymously. The plaintiff has not met her burden as to this factor.

*Whether the action is against a governmental or private party.*

Actions challenging the validity of law or similar governmental activity or policy provide situations in which there is a strong rationale for the

plaintiff's being permitted to proceed anonymously. The plaintiff in those cases is often taking a minority view that may well be unpopular and carry attendant repercussions. Here, of course, there not only are no governmental defendants but many of the defendants are church related organizations, with regard to which, even the government's activities are limited by the First Amendment. I find that the plaintiff has not met her burden as to this factor.

*Risk of unfairness to the opposing party.*

The plaintiff did not introduce evidence as to this factor, though it has been vehemently argued by counsel for the defendants who participated in this hearing.[1] The case law frequently invokes the quotation that the defendant ought not be "required to defend itself publicly while plaintiff could make her accusations from behind a cloak of anonymity." *Shakur*, 164 F.R.D. at 361; *cited also* in *Smith*, 189 F.R.D. at 244, *and North Carolina Central Univ.*, 1999 U.S. Dist. LEXIS 9804 at * 12. Defendants in this sort of case may well be put at a disadvantage in defending claims based on embarrassment when the court legitimizes those claims by permitting the plaintiff's use of a pseudonym.

In addition to the enumerated factors, compelling the public right of access to the court ought to figure prominently in the analysis. "The open nature of our justice system is not a matter of administrative convenience, but a key element in assuring the public confidence and accountability crucial to the operation of the judicial branch in our democracy." *Doe v. Smith*, 189 F.R.D. 239 at 244.

Finally, the cited cases suggest that alternatives, when offered, must be considered as a means of resolution without ordering disclosure. In *Jacobson*, there were two proffers made to relieve certain concerns of the Court. The plaintiffs were willing to waive any risk of indirect identification at trial so that cross-examination could have proceeded regarding their professions, where they came from, what they did, what they stood for, and all other aspects of who they were. To alleviate the court's concern that the very fact of pseudonyms being used tended to validate claims of intangible harms, the plaintiffs proffered that their claims would not be for infliction of emotional distress and that a jury instruction could emphasize that pseudonymity was

---

[1] Other than his presence, Mr. Urbanski did not engage in argument, direct examination, cross-examination, or any other participation, in order to preserve his special appearance.

being allowed only to protect children. In *Smith*, the plaintiff offered to permit the defendant to also proceed by pseudonym. That possibility obviously would no longer make sense in the present case. In *North Carolina Central Univ.*, the plaintiff contended that the defendant would be permitted to examine her background fully and impeach her at trial just as if she had used her own name. The plaintiff in that case also conceded the jury should be instructed about not making any assumptions regarding the court's decision to allow use of a fictitious name. No such proffer, or offer of alternatives, has been made by the plaintiff here in evidence, affidavit, argument, or otherwise.

Consequently, the plaintiff is not permitted to proceed pseudonymously in this matter. This matter will stand dismissed without prejudice after the close of business on Monday, May 5, 2003, unless, prior to that time, the plaintiff files an amended complaint using her real name. Leave of court is obviously granted to do so if she is so advised.