**Jane DOE, Plaintiff,**

v.

**CITY OF NEW YORK, et al., Defendants.**

**No. 01 CIV. 1740(LAK).**

United States District Court, S.D. New York.

June 28, 2001.

A. Yvan Chu, Yi Tuan & Brunstein, for Plaintiff.

Mary O'Flynn, Assistant Corporation Counsel, Michael D. Hess, Corporation Counsel of the City of New York, for Defendants.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

The question raised by this motion is whether the plaintiff in this Section 1983 civil rights action should be permitted to proceed under a pseudonym on the ground that broad publication of her name in any published decisions or otherwise would cause her undue embarrassment and reputational injury.

## Facts

According to the allegations of the complaint, which are accepted as true for purposes of this motion, plaintiff, a female attorney and a member of the Bar of this Court, got into a dispute with the driver of a taxicab, who summoned police. When police officers arrived, the driver falsely claimed that plaintiff had refused to pay the full fare. The officers insisted that she pay the additional amount demanded, failing which they would arrest her. Plaintiff denied that any additional fare was due, whereupon the police arrested her, shoved her against the police car, handcuffed her, and drove her to a precinct in Harlem where they held her without allowing her to telephone her attorney. When plaintiff threatened to sue the officers, they took her to the psychiatric unit at Bellevue Hospital, where she was handcuffed to a gurney and then to a wheelchair for the remainder of the night.

On the following day, plaintiff was interviewed by a psychiatrist and then returned to police custody. She was driven to a second police precinct where she was held in a cell and again prevented from making a telephone call. Later that morning, she again was handcuffed, brought to the Criminal Courts Building, charged with resisting arrest, reckless endangerment and theft of services, and arraigned. The District Attorney then dropped the resisting arrest charge and, over time, allowed the Speedy Trial Act deadlines to elapse without bringing the case to trial. The charges against plaintiff therefore were dismissed.

Plaintiff now contends that her arrest, detention and prosecution violated her constitutional rights and seeks substantial damages and expungement of the record of her arrest and of her fingerprints. Although the defendants know her true identity, she seeks to have the case proceed under the "Jane Doe" pseudonym because she fears that the ready availability from Westlaw, LEXIS/NEXIS and, presumably, other computer searchable databases of the names of litigants and the nature of the lawsuits in which they are involved will lead to reputational injury and embarrassment, particularly among her colleagues at the Bar.

## Discussion

Court proceedings and the records thereof long have been open to the public. It is critical to recognize, however, that the information age has had a profound effect on the availability of the information they contain. Not long ago, the practical reality was that one could learn of the existence of a lawsuit involving a particular individual only by the most time-consuming searches of records located in courthouses all over the country. Unless one knew what to look for and almost exactly where to look for it, the "openness" of the information was more theoretical than real. But the computer has changed all that. It now is possible to determine whether a given individual is a party to a lawsuit in federal court anywhere in the country by the simplest of computer searches, to access the docket sheet of any such case electronically, and to read published and, in many cases, unpublished decisions on line. With the impending introduction of electronic case files in the federal courts, entire case files will be accessible over the Internet. In consequence, the privacy that litigants once enjoyed as a practical matter has been diminished greatly already and will be eroded still further in the near future. These developments pose important issues as the courts seek to reconcile two legitimate and, to some extent, competing values: individual privacy and public access to the judicial system.[1] But to recognize the legitimacy of plaintiff's concern is not to answer the question she poses.

■ Rule 10(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading shall contain a caption setting forth the ... title of the action" which in turn must "include the names of all the parties ..." Nevertheless, courts have recognized that individual privacy concerns justify withholding party identities from the public record, albeit

1. *See generally* Lewis A. Kaplan, *Litigation, Privacy and the Electronic Age,* 4 Yale Symp. On Law And Soc'y 1 (2001).

only in exceptional cases.[2] At least two judges of this Court have identified the following factors as relevant to the determination:

"(1) whether the plaintiff is challenging government activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced."[3]

And while other factors also may be relevant, these certainly are an appropriate starting point for analysis.

■ In this case, plaintiff is challenging government activity, which in this case appears to cut against her position because the involvement of the government indicates that there is a public interest in the facts of the incident at issue as opposed merely to a public interest in knowledge of the manner in which the courts function in resolving disputes. While plaintiff does not want the facts concerning the incident in question to be known broadly, particularly if her version of the events ultimately is not accepted, her dispute with the cab driver and the police certainly does not involve matters of great intimacy, as was the case in *Roe v. Wade*[4] and *Poe v. Ullman*,[5] two well known cases in which plaintiffs were permitted to proceed anonymously. There is no risk here of plaintiff being obliged to admit criminal conduct and risking criminal prosecution, particularly as the state charges against her have been dismissed.[6] Nor is there any likelihood that

plaintiff might be subjected to physical injury if her name were associated with the facts of the case. And while her claim of reputational injury is not to be discounted entirely, it hardly sweeps the decks, as it seems unlikely that any such injury would be particularly grave, if indeed any occurred. Thus, there is little to support plaintiff's position beyond the fact that defendants would not be prejudiced were plaintiff's application granted because they know her identity.

In the last analysis, the Court concludes that plaintiff's claim of threatened harm is speculative and exaggerated and that the public interest in access to her identity outweighs her desire to pursue this case in relative secrecy. Moreover, although the Court would decide the motion in this way in any case, another point is worth noting.

Although plaintiff's reputational concern is understandable, if exaggerated, it certainly is not even-handed. Plaintiff has made serious accusations against two New York City police officers in her publicly filed complaint which includes their names in the caption. The officers have no lesser interests in their reputations than plaintiff, yet she has shown no solicitude for their privacy, and they were not afforded an opportunity to seek to have their names withheld from the public. If we are to have a policy of protecting the names of individual litigants from public disclosure, there is a very substantial interest in doing so on a basis of equality. It is difficult to conclude that the privacy of a member of the Bar is inherently more worthy of protection than that of a police officer.

### Conclusion

For the foregoing reasons, plaintiff's motion is denied in all respects. Plaintiff shall

**2.** *See, e.g., Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992); *Barth v. Kaye,* 178 F.R.D. 371, 376 (N.D.N.Y.1998); *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y.1996).

**3.** *Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.,* No. 96 CV 1756, 1997 WL 171011, at *6 (S.D.N.Y. April 10, 1997) (LAP) (citing *Doe v. Shakur,* 164 F.R.D. at 361 (Patterson, J.)).

**4.** 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (abortion).

**5.** 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961) (birth control).

**6.** Unlike federal speedy trial act dismissals, such dispositions in New York preclude further prosecution. *See Erdheim v. Greiner,* 22 F.Supp.2d 291, 293 (S.D.N.Y.1998) (CPL § 30.30 provides for mandatory dismissal with prejudice of an indictment "where the people are not ready for trial within ... six months of the commencement of a criminal action") (citing N.Y. Crim. Pro. Law § 30.30 (McKinney 1998)).

file an amended complaint containing her name no later than ten days after the date of this opinion.

SO ORDERED.